# CIRCUIT COURT OF FAIRFAX COUNTY

Capitol Building Supply, Inc.

v.

Myung Il Chang et al.

February 3, 2012

Case No. CL-2010-3655

By Judge Jane Marum Roush

This matter is before the court on Capitol Building Supply, Inc.'s exceptions to the Interim Report of the Special Commissioner of Sale. The court has had the matter under advisement since the hearing date of September 2, 2011. For the following reasons, the exceptions to the commissioner's report will be overruled.

## *The Complaint*

On March 15, 2010, Capitol Building Supply, Inc., commenced this lawsuit by filing a "Complaint to Enforce Judgment Lien" (the "Complaint"). The defendants in this case are Myung Il Chang ("Mr. Chang"), Hee Soon Chang ("Mrs. Chang"), First Washington Title Co., Mortgage Electronic Registration Systems, Inc. ("MERS"), Just Mortgage, Inc. ("Just Mortgage"), and Sunset Village Home Owners Association (the "HOA").

In the Complaint, the Plaintiff alleges that, in 1997, it obtained a judgment against Mr. Chang in this court in the amount of $44,121.45, with interest accruing at the rate of 18% *per annum* until paid, plus attorney's fees of $8,824.49 and costs (the "Judgment"). The Judgment was docketed in the land records of Fairfax County in 1997. Plaintiff further alleges that, as of March 10, 2010, the Judgment totaled $148,689.28, not including attorney's fees and costs.

The Complaint alleges that the lien created by the Judgment attached to Mr. Chang's interest in real property known as 4922 Van Walbeck Place, Annandale, Virginia 22003 (the "Property"). Mr. and Mrs. Chang purchased

the Property in June 2008. The Complaint alleges that the Changs acquired the property as joint tenants, although the deed attached to the Complaint as Exhibit B does not state "jointly," "joint tenants," "joint tenancy," or other similar language. See Va. Code Ann. § 55-20.1. Later in 2008, Mr. and Mrs. Chang transferred the property for no consideration to themselves as tenants by the entireties.

The Plaintiff asks for a judicial sale of the property to satisfy the Judgment. In addition to Mr. and Mrs. Chang, named as defendants are First Washington Title Co., MERS, Just Mortgage, and the HOA, because they "may also have an interest in the Property." Complaint, ¶ 17.

## The Decree Pro Confesso

On June 17, 2010, Plaintiff moved for a Decree Pro Confesso against MERS, Just Mortgage, and the HOA on the grounds that that they were in default. On June 28, 2010, a Decree Pro Confesso was entered as to those defendants.

First Washington Title Co., the trustee under the deed of trust on the property, was served through the Secretary of the Commonwealth on June 4, 2010, and appears to be in default, although no Decree Pro Confesso has been entered against First Washington Title Co.

Mr. and Mrs. Chang answered the Complaint in June 2010 and thus are not in default.

## The Consent Judgment Order

On November 17, 2010, the trial date, counsel for the Plaintiff and the Changs presented the court with a "Consent Judgment Order," which Judge Nordlund entered on November 18, 2010 (the "Consent Judgment"). The Special Commissioner of Sale reported that no evidence was taken by Judge Nordlund on the date of trial. The Consent Judgment was signed only by counsel to the Plaintiff and counsel to the Changs. The Consent Judgment recited that the lien created by the Judgment was a first priority lien against the Property "as to any and all other liens, deeds of trust, security interests, and encumbrances, of whatever kind or nature of record against the Property." Judgment was entered in favor of the Plaintiff against the Changs "as to all counts set forth in the Complaint." The Changs agreed to list the Property for sale within ten days. Thereafter, the Changs had ninety days to sell the property and to satisfy the Judgment. If the Changs failed to list the Property within ten days or to sell the Property within 90 days thereafter, "then a Special Commissioner of Sale shall be appointed forthwith to preside over a judicial sale of the Property, with any proceeds from said sale being first delivered to [the Plaintiff], as the priority lien holder, to satisfy the Judgment."

The Changs failed to sell the Property within the time provided, and the Plaintiff moved for the court to appoint a special commissioner of sale. On February 14, 2011, a Decree of Reference was entered, by which John A. C. Keith was appointed the Special Commissioner of Sale (the "Commissioner"). The Commissioner was directed to conduct a judicial sale of the Property, to deliver the proceeds of the sale first to the Plaintiff as the priority lien holder, and to "[m]ake any findings, rulings, reports, and recommendations, and take such additional action, as deemed appropriate to the orderly process of the matter hereby referred to him."

### The Interim Report of the Special Commissioner of Sale

On May 26, 2011, the Commissioner filed his "Interim Report of Special Commissioner of Sale." In his report, the Commissioner raised several concerns.

First, The Commissioner notes that the Complaint contains no allegation of the relative priority of the judgment lien as against other liens on the Property. The Decree Pro Confesso had the effect of establishing as confessed only the allegations of the Complaint. Therefore, Just Mortgage, MERS, and the HOA did not confess that the Plaintiff's judgment lien is prior to any lien that they might have.

Second, the Commissioner notes that the Consent Judgment was signed only by counsel to the Plaintiff and counsel to the Changs. Again, Just Mortgage, MERS, and the HOA are not bound by its findings as to the priority of the judgment lien.

Third, the Commissioner advises that Just Mortgage, the beneficiary of the deed of trust on the Property, does not appear to be the current noteholder. The Complaint alleges only that Just Mortgage "may also have an interest in the Property." Complaint, ¶ 17. The Commissioner's title report reveals that Just Mortgage is the beneficiary of a deed of trust in the original principal amount of $226,400 recorded on July 2, 2008. Instead, "Mr. and Mrs. Chang have been making payments on their first trust to CitiBank for some time now." CitiBank is not a party to this action.

The Commissioner concludes that "a judicial sale based on [this record] will not be able to be completed" because there has been no judicial determination binding on the holder of the note secured by the lien of the deed of trust or the trustee under the deed of trust that the Plaintiff's judgment lien is superior to the lien of the deed of trust. The Commissioner opines that the Consent Judgment is invalid for the lack of necessary and indispensable parties, Just Mortgage, CitiBank, and/or First Washington Title Co., the trustee under the deed of trust. Finally, the Commissioner advises that the Consent Judgment is erroneous on its face in that the Judgment was entered against only Mr. Chang and therefore the judgment

lien should attach to his undivided half interest in the Property and not to Mrs. Chang's interest in the Property.

The Commissioner recommends that "before any judicial sale is conducted, the current noteholder be notified of this proceeding and the amount and priority of all liens against the Property be determined and presented to the Court."

### *The Plaintiff's Response and Exceptions to the Interim Report of the Special Commissioner of Sale*

On June 7, 2011, the Plaintiff filed its exceptions to the Commissioner's Interim Report. The Plaintiff argues that it is undisputed that its judgment lien attached prior to all others. Plaintiff obtained the Judgment in 1997. The lien of the Judgment attached to the Property as soon as it was acquired and before any deeds of trusts were recorded. Plaintiff contends that the first priority of its judgment lien has never been challenged by anyone. The Plaintiff named all parties having an interest in the Property as defendants and served all of them in a timely manner. Only Mr. and Mrs. Chang filed a response. Thus, all other defendants, including the trustee, are in default.

The Plaintiff maintains that the Consent Judgment is valid and binding upon all defendants. The Plaintiff asserts that all of the parties could have appeared on the trial date to attempt to contest the Plaintiff's claims and prayer for relief. Only the Changs appeared, and they consented to the judgment.

The Plaintiff does not object to providing additional notice to any interested party, but it does object to re-litigating any aspect of the Consent Judgment, including the Plaintiff's first priority lien status since all parties of record had an opportunity to dispute that issue and failed to do so. Additionally, the Plaintiff objects to any requirement that it notify CitiBank of this action. According to the Plaintiff, there is nothing in the record which demonstrates the existence of a purported "current noteholder" who needs to be notified of this proceeding.

The Plaintiff asks that its exceptions to the Commissioner's Interim Report be sustained and that the Commissioner be directed to sell the Property. The Plaintiff requests that the Commissioner be bound by the finding in the Consent Judgment that the Plaintiff's judgment lien is superior to all other liens on the Property.

### Conclusion

This Court will overrule the Plaintiff's exceptions to the Special Commissioner of Sale's Interim Report. The Plaintiff never alleged in the Complaint that its judgment lien was superior to any other lien on the Property. Thus, those parties who were named in the Decree Pro Confesso,

Just Mortgage, MERS, and the HOA, are not bound by a factual allegation that was never made. Furthermore, the trustee under the deed of trust was not subject to the Decree Pro Confesso.

The Court agrees with the Commissioner (and the Supreme Court of Virginia) that "it is erroneous to decree a sale of lands to satisfy liens without first ascertaining all of the liens binding thereon, including delinquent taxes, and determining and fixing their respective amounts and priorities." *Tackett v. Bolling*, 172 Va. 326, 332, 1 S.E.2d 285 (1939) (internal ellipses omitted).

The Court does not agree with the Plaintiff that CitiBank need not be notified of the pendency of this action. The Commissioner's investigation has revealed that CitiBank appears to be the present noteholder in that "Mr. and Mrs. Chang have been making payments on their first trust to CitiBank for some time now." Under these circumstances, CitiBank should be notified of the pendency of this action and given the opportunity to be heard on the issue of the priority of its lien.

Accordingly, the Court directs the Commissioner to convene a hearing, after notice to all necessary parties, and ascertain all of the liens binding on the Property, including delinquent taxes, and determine and fix their respective amounts and priorities. See *Tackett v. Bolling, supra*. In addition, the Court asks the Commissioner to report on whether Mrs. Chang's interest in the Property has been subjected to the judgment lien because she was a party to the Consent Judgment (or for any other reason), whether the judicial sale should be limited only to Mr. Chang's interest in the Property, or whether a partition of the Property is necessary.